## ANNE E. BOONE *v.* NANCY MCINTOSH.

ATTACHMENT. *Garnishment. Service of notice. Priority. Appropriation of money. Sections* 2423 *and* 2424, *Code of* 1880, *construed.*

Section 2423 of the Code of 1880 authorizes an officer having in his hands for service a writ of attachment "to seize the books of account and other evidences of indebtedness belonging to the defendant, and to summon as garnishees all persons thereby appearing to be indebted to the defendant," and provides that " all debts and choses in action attached shall be bound by such attachment from the date of the service thereof." Section 2424 provides that "in case of any levy on the rights, credits, and choses in action of the defendant, the officer shall seize and take into his possession the books of account and all other evidences of indebtedness, if the same can be had, and shall summon all persons alleged to be indebted to the defendant, or to have effects of said defendant in their hands." *Held,* that, under these provisions, (1) the seizure of books of account and choses in action creates no lien in favor of the attaching creditor, but the lien is acquired only by service of notice upon the garnishee; (2) the officer (though authorized to do so) is not required to summon as garnishees all persons who by the books seized appear to be indebted to the defendant, but only such as may be "alleged" to be so indebted; and (3) where the same chose in action has been seized under two writs of different creditors and the debtor summoned, as garnishee, under both, the creditor who first suggested the indebtedness and first obtained service on the garnishee is entitled to the money collected from him, if both have judgments.

APPEAL from the Circuit Court of Chickasaw County.

HON. J. W. BUCHANAN, Judge.

The case is stated in the opinion of the court.

*Harper & Baskin,* for the appellant.

Appellant contends that as she suggested to the sheriff first, and on said suggestion the garnishment writ was first served, that she thereby took the first step toward dissolving the relation of creditor and debtor existing between the garnishee and the defendant in attachment, and as appellant afterward obtained judgment against the garnishee in her favor, the debt was, by operation of law, completely transferred to her, and this judgment related back, in point of time, to the time of the service in her behalf, which was several days prior to the service in appellee's case. This court said, in the case of *Herrin* v. *Warren & Mobley,* 61 Miss. 514, about the bottom

of page 515: "By the statute a written notice is equivalent to a garnishment; but as he who is prior in time must be prior in right, it follows that the older garnishment must cut out the later notice."

*Lacey & Clarke,* for the appellee.

We desire to call the attention of the court to § 2424, Code 1880, in regard to attachments and garnishment under them. The duties of the sheriff are explicitly prescribed therein. Now, we beg to submit the proposition that the seizure of and levy upon the books of account, notes, and evidences of debt of the savings institution, among which was the note of Samuel Minute, the garnishee in this case under the writ of attachment in Mrs. McIntosh's case, created an inchoate lien in her favor which could only be destroyed in two ways—*first,* by her failure to sustain her attachment suit against the savings institution; *second,* by her voluntary release. There is no pretense in this case that either of these things were done. On the contrary, at the term of the court succeeding the issuance and levy of her writ she obtained her judgment in the attachment against the defendant and also against the garnishee.

It cannot be held that a mere priority of notice by appellant to the garnishee would destroy the fruits of the lien created by the superior diligence of the appellee in this case.

COOPER, C. J., delivered the opinion of the court.

By the Code of 1880, § 2423, authority is given to an officer, having in his hands for service a writ of attachment, "to seize the books of account and other evidences of indebtedness belonging to the defendant, and to summon, as garnishees, all persons thereby appearing to be indebted to the defendant, and to levy on the stock, share, or interest which the defendant may have or own in any partnership or incorporated company; and all property, debts, and choses in action attached shall be bound by such attachment from the date of the service thereof."

Section 2424 provides how levies shall be made, and is as follows: "Every writ of attachment shall be executed in the following manner, that is to say, in case of a levy on the rights,

credits, and choses in action of the defendant, the officer shall seize and take into his possession the books of account and all other evidences of indebtedness, if the same can be had, and shall summon all persons alleged to be indebted to the defendant, or to have effects of said defendant in their hands, to appear and answer as garnishees."

On the 22d day of January, 1884, the appellee sued out her writ of attachment against the Okolona Savings Bank, and on the same day the sheriff levied the same on various property of the defendant and on the books of account, choses in action, etc., by taking the same into his possession. Among other choses in action thus seized was a note executed by one Samuel Minute, which was in a portfolio that was seized by the officer. On the 24th of January the appellant also sued out her writ of attachment against said bank, and her writ was also levied on the same property that had been attached at the suit of the appellee. The appellant furnished to the officer a list of names of persons whom she desired to be summoned as garnishees, and among them was the name of Minute. On the 24th of January the officer summoned Minute as garnishee under the writ of the appellant, and on the 28th he also summoned him under the writ of appellee. Judgments having been rendered in favor of appellant and appellee against the bank, the money due by the garnishee was paid into court, and the question raised is as to its appropriation.

We are of opinion that the money should have been applied to the judgment in favor of the appellant. The seizure by the officer of the books of account and the choses in action does not, under the statute, create a lien in favor of the person under whose writ they are taken. The object of the statute in directing the seizure of the choses in action and books is in order that by an examination of them information may be derived by the creditor touching the estate of the defendant, and the evidences of debt, such as promissory notes, etc., are required to be taken in order that the defendant may be thereby deprived of an opportunity of disposing of them to third persons. It is, however, only by the service of notice upon the garnishee that a lien is acquired by the attaching creditor, for

the statute (§ 2423) declares that "all property, debts, and choses in action attached shall be bound by such attachment *from the date of the service thereof;*" and § 2424 declares that the mode of service shall be by summoning as garnishees all persons alleged to be indebted to the defendant. It is the service of the notice on the garnishee which is the service of the attachment within the meaning of the statute. The officer is not required to summon as garnishees all persons who by the books seized may appear to be indebted to the defendant, but only to serve such persons as may be *alleged* to be so indebted. The seizure of the books affords to the plaintiff opportunity to learn who are indebted, and among those so appearing to be indebted he may select such as he may desire to be garnished and direct service to be made upon them. The officer is not required by the statute of his own motion to proceed to garnish all persons who appear on the books to be indebted to the defendant, but only such as may be alleged to be so indebted. Evidently the suggestion by the plaintiff is the moving cause contemplated by the statute, and though the officer has power to proceed without such direction by the plaintiff he is not required to do so. If, therefore, after a seizure of the books under the writ of appellee, the appellant caused her writ of garnishment to be first served by summoning the garnishee, she became entitled to priority of satisfaction out of the debt due from the garnishee. This appears to have been done, and it was error to appropriate the money to the debt of the appellee.

*The judgment is reversed and judgment directed to be entered here.*